UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>            Plaintiff,<br><br>  v.<br><br>JON BRENT SMITH,<br><br>            Defendant. | Action No. 3:10−CV−411 |

MEMORANDUM OPINION

This matter comes before the Court on a bench trial on June 30, 2011, with Plaintiff Wells Fargo Bank, National Association ("Wells Fargo"), and Defendant Jon Brent Smith present. Counsel represented the plaintiff and the defendant proceeded *pro se*. The Court, having considered the evidence and the remaining record, makes the following Findings of Fact and Conclusions of Law and renders a verdict in favor of Wells Fargo.

I. Findings of Fact

Having heard the evidence of the parties, the Court, applying a preponderance of the evidence standard, makes the following findings of fact:

1. Wells Fargo, successor by merger with Wachovia Bank, National Association, entered into five loan agreements with Trio Enterprises, Ltd. ("Trio"), and Smith between July 10, 2007, and January 23, 2008. Each of the loan agreements names Trio as primary obligor. Accompanying each agreement is an "Unconditional Guaranty" naming Smith as guarantor. Smith personally signed each guaranty agreement.

1

2. Trio and Smith defaulted on all five loans in late 2008.

3. Wells Fargo demanded payment from Trio and Smith by letter on December 30, 2008. Thereafter, Wells Fargo, Trio, and Smith entered into a forbearance agreement dated February 2, 2009. (Forbearance Agreement, Pl.'s Ex. 15.)

4. The forbearance agreement lists Wells Fargo, Trio, and Smith as parties to the agreement and inventories the five loans according to the terms set out above. In paragraph 6, the forbearance agreement states that "Smith is liable for all of the above-referenced debts pursuant to the Unconditional Guaranties executed in connection with the transactions." The agreement acknowledges the validity of the documents evidencing the five agreements and explains that Trio and Smith defaulted on the five loan agreements.

5. Smith made three payments on the Forbearance Agreement.

6. Trio and Smith entered default on the Forbearance Agreement.

7. The following sums are due on each of the five loan agreements, listed by the description of each loan and the dates of execution:

   a. $25,000 Business Line of Credit Agreement, dated July 10, 2007,

   b. $243,750 Promissory Note, dated August 14, 2007,

   c. $132,500 Promissory Note, dated September 26, 2007,

   d. $580,000 Promissory Note, dated November 7, 2007, and

   e. $117,000 Business Line of Credit Agreement, dated January 23, 2008.

   On June 15, 2011, the Court granted default judgment against Trio on Wells Fargo's breach of contract claims corresponding to loans (a), (c), and (e), as listed above.

II. Conclusions of Law

Smith is liable on the five loan agreements, since he guaranteed Trio's default on those agreements. The foundation of Smith's liability is Trio's breach of the five loan agreements it executed with Wells Fargo. In Virginia, a plaintiff seeking relief for a breach of contract must show (1) the existence of a contract obligating the defendant to perform; (2) the defendant's breach of that obligation; and (3) injury to the plaintiff caused by the breach. *Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 698 F.Supp.2d 602, 612 (E.D. Va. 2010). In order to recover for a breach of contract, a plaintiff must prove by a preponderance of the evidence: (1) the existence of a duly executed and enforceable agreement; (2) performance by the plaintiff; (3) the defendant failed to perform under or breached the agreement, (4) the breach caused the plaintiff actual damages, and (5) the damages are recoverable. *Aviation Resources, Inc. v. XL Specialty Ins. Co.*, 276 F.Supp.25 567, 568 (E.D. Va. 2003).

Wells Fargo proved each of these elements. At trial, the Court admitted into evidence five loan agreements Wells Fargo and Trio entered between July 2007 and January 2008. Wells Fargo further proved that Trio breached all five loan agreements in late 2008 by entering default on its payment obligations. Smith did not contest evidence of either Trio's five contracts with Wells Fargo or the company's breaches of the agreements. Nor did Smith claim that Wells Fargo failed to perform its obligations under the agreements. Therefore, the Court concludes Trio breached its five loan agreements with Wells Fargo.

Trio's breaches of the loan agreements triggered Smith's obligations under the guaranty agreements. A guaranty agreement is a kind of contract in which a guarantor agrees to become answerable for a debt in case the person who is primarily liable for the debt fails to pay. *McDonald v. Nat'l Enterprises, Inc.*, 262 Va. 184, 547 S.E.2d 204, 207 (Va. 2001). To recover

3

for the breach of a guaranty, the obligee seeks to recover on the guaranty rather than the underlying contract. *Id.* He must establish "the existence and ownership of the guaranty contract, the terms of the primary obligation and default on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract." *Id.*

At trial, Wells Fargo provided sufficient evidence to demonstrate Smith's liability on both guaranty agreements. First, two guaranty agreements existed between Smith and Wells Fargo. The five loan agreements between Trio and Wells Fargo serve as the primary obligations underlying the guaranty contracts. The guaranty agreements dated August 14, 2007, and November 7, 2007, clearly identify Trio as "Borrower" and Smith as "Guarantor." Smith affixed his signature to both guaranty agreements in the presence of attorney William Lewis and business partners Robert Davis and Ronald Smallwood. Both guaranty agreements clearly state that that Smith unconditionally guarantees the performance of all liabilities and obligations of Trio to Wells Fargo, including Trio's obligations under any other notes, loan agreements, or lines of credit.

Second, Trio defaulted on the obligations underlying the guaranty agreements, for the reasons the Court has explained. Once Trio failed to satisfy to Wells Fargo's demand for payment on the five loan agreements, Smith became obligated to fulfill Trio's obligations.

Third, Smith failed to fulfill Trio's obligations as required by the guaranty agreements. Again, Smith did not offer evidence attempting to demonstrate that he made payments pursuant to the guaranty agreements. Since Wells Fargo demonstrated that Smith entered into, and defaulted on, two agreements guaranteeing Trio's loans, Smith breached his guaranty agreements with Wells Fargo.

Smith made several arguments contesting the validity of the August 2007 and November 2007 Guaranties. Each of these defenses fails. First, Smith contended that Gravely and others told him that, if he signed the guaranty agreements, he would not become personally liable on Trio's obligations to Wachovia. Second, Smith argued that, pursuant to the advice of others, he signed "Sec" and "Pres" next to his name on the guaranties, in an effort to avoid personal liability on the guaranties.

Both defenses fail in light of the guaranties' exceedingly plain language making Smith personally answerable to Trio's obligations. A contract party's misstatement of a contract's terms do not supersede those terms, particularly when the contracting party can intelligently investigate the contract's terms. *See Hicks v. Wynn*, 137 Va. 186, 119 S.E. 133, 137 (Va. 1923). As the Court has explained, both guaranty agreements state clearly that Smith was personally guaranteeing Trio's fulfillment of its obligations to Wells Fargo by entering into the agreements. The plain language of the guaranties overrides any statement to the contrary.

Third, Smith suggested in his Answer that Gravely signed Smith's name to the guaranties. Smith provided the Court no evidence to this effect. Lewis testified that Gravely stood away from Smith at both closings while Smith signed the guaranties.

Finally, Smith argued that certain fraudulent transactions gave rise to the five loans between Trio and Wells Fargo. Specifically, Smith contends certain business partners signed Smith's name to documents attesting to Trio's eligibility for the five loan agreements. According to Smith, these acts of fraud undermine his liability under the guaranty agreements.

Whatever the factual merit of this defense and any other argument that a partner acted under Smith's name without his permission, Smith forfeited those arguments by executing the forbearance agreement. By entering into that agreement and making payments on it, Smith

ratified his obligations to Wells Fargo. A party ratifies a contract if an agent enters into a contract and the principal later affirms the agreement or fails to disavow it. 12 *Williston on Contracts* § 35:22 (Richard A. Lord ed., 4th Ed. 2010). A party may ratify a contract by any conduct indicating assent to the contract. *Id*. § 35:23. *See In re Franklin Equip. Co.*, 416 B.R. 483, 527 (E.D. Va. 2009). *Brewer v. First Nat. Bank of Danville*, 120 S.E.2d 273, 279 (Va. 1961) ("Ratification is the adoption of a contract, in some manner irregularly made, which relates back to the execution of the contract and renders it obligatory from its inception."). The party alleging the ratification must demonstrate that the contracting party was aware of any defects in the contract when he ratified it. *White v. Am. Nat'l Life. Ins. Co.*¸ 115 Va. 305, 78 S.E. 582 (Va. 1913).

      The forbearance agreement demonstrates Smith's clear intention to affirm the two guaranty agreements. The agreement names Smith and Trio as obligors. It plainly states that Smith is liable for the five loan agreements pursuant to the guaranty agreements and explains that Trio and Smith defaulted on five loan agreements. The agreement further explains Trio and Smith relied only on the terms of the forbearance agreement and did not rely on any statement or covenant made by Wells Fargo or its employees. Smith signed the Forbearance Agreement on February 17, 2009, and a representative for Trio signed the agreement one day later. Smith also made three payments on the agreement. Smith's acts of signing the forbearance agreement and making the payments indicated his assent to the guaranty agreements. Therefore, whatever the merit to Smith's allegations that certain irregularities preceded the execution of the loan agreements, he affirmed his liability by executing the forbearance agreement.

III. Conclusion

Having found Smith liable on the five loan agreements, the Court will enter judgment in favor of Wells Fargo in the following amounts:

(1) With respect to the First Loan (as defined in the Complaint), in the amount of $26,560.08, plus interest accruing at the contract default rate of 11.0% per year, plus costs and attorneys' fees in the amount of $3,984.01;

(2) With respect to the Second Loan (as defined in the Complaint), in the amount of $246,614.00, plus interest accruing at the contract default rate of 10.29% per year, plus costs and attorneys' fees in the amount of $36,992.10;

(3) With respect to the Third Loan (as defined in the Complaint), in the amount of $133,698.30, plus interest accruing at the contract default rate of 6.95% per year, plus costs and attorneys' fees in the amount of $20,054.79;

(4) With respect to the Fourth Loan (as defined in the Complaint), in the amount of $584,995.28, plus interest accruing at the contract default rate of 10.83% per year, plus costs and attorneys' fees in the amount of $87,749.29; and

(5) With respect to the Fifth Loan (as defined in the Complaint), in the amount of $117,222.55, plus interest accruing at the contract default rate of 11.00% per year, plus costs and attorneys' fees in the amount of $17,583.38.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and Mr. Smith.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __30th__ day of August 2011